IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons,<br>          Plaintiff,<br><br>v.<br><br>MICHAEL P. CAPLICE, d/b/a M. P. CAPLICE & ASSOCIATES,<br><br>          Defendant. | No. 07 CV 7279<br><br>Judge Manning<br>Magistrate Judge Cole |

### DEFENDANT'S MOTION TO DISMISS

NOW COMES Defendant Michael P. Caplice, d/b/a M.P. Caplice & Associates ("Caplice"), by and through his attorneys, Clausen Miller P.C., and moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), to dismiss Plaintiff Ira Holtzman's claim against Caplice. In support of this motion, Caplice states as follows:

1. Plaintiff filed a Complaint individually and on behalf of a class alleging a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a claim for conversion, and a claim under the Illinois Consumer Fraud Act and Deceptive Practices Act ("ICFA").

2. Plaintiff alleges that he received one facsimile transmission from Caplice.

3. Dismissal pursuant to Rule 12(b)(6) is warranted where a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 1974 (May 21, 2007).

4. Plaintiff's Complaint should be dismissed in its entirety because his Complaint is riddled with conclusory allegations that merely recite a formula, which is insufficient under *Bell Atlantic* to state a plausible, instead of a merely possible, entitlement to relief. In addition,

1161123.1

Plaintiff's three causes of action and class allegations contain additional deficiencies that warrant dismissal.

5.  Count I must be dismissed because the TCPA violates the First and Fifth Amendments to the United States Constitution and because the TCPA does not apply to faxes received by computers. Count II should be dismissed because Plaintiff fails to allege the basic elements of a conversion claim. Count III fails because Plaintiff does not and cannot allege any unfair conduct required to sustain a claim under the ICFA. Finally, Plaintiff's class action allegations cannot survive because the issues of whether each facsimile was unsolicited or whether an established business relationship existed must be separately determined for each class member.

6.  In further support of its Motion, Caplice incorporates the arguments set forth in the accompanying Memorandum in Support.

WHEREFORE, for the reasons noted above, Defendant Michael P. Caplice, d/b/a M.P. Caplice & Associates respectfully requests that this Honorable Court dismiss with prejudice Plaintiff Ira Holtzman's Complaint and award Caplice such other and further relief as this Court deems just.

Respectfully Submitted,

MICHAEL P. CAPLICE
D/B/A M. P. CAPLICE & ASSOCIATES

By:  /s/ Maria Z. Vathis

Robert L. Reifenberg
Maria Z. Vathis
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois  60603-1098
312/855-1010
Attorneys for Petitioner MICHAEL P. CAPLICE D/B/A M. P. CAPLICE & ASSOCIATES

1161123.1

## CERTIFICATE OF SERVICE

On January 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

>Brian J. Wanca
>Anderson + Wanca
>3701 Algonquin Road, Suite 760
>Rolling Meadows, IL  60008
>(847) 368-1500
>buslit@andersonwanca.com

>By:  /s/ Maria Z. Vathis
>Maria Z. Vathis
>Clausen Miller P.C.
>10 S. LaSalle Street
>Chicago, IL 60603-1098
>Telephone:  312/855-1010
>Facsimile:  312/606-7777
>mvathis@clausen.com