UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRA HOLTZMAN, Individually and as the representative of a class of similarly-situated persons | ) ) ) ) | |
| Plaintiff, | ) ) | No. 07 C 7279 |
| v. | ) ) | Judge Manning Magistrate Judge Cole |
| MICHAEL P. CAPLICE, d/b/a M. P. CAPLICE & ASSOCIATES | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
THE UNITED STATES' MOTION TO INTERVENE**

The United States seeks to intervene in this case on behalf of itself and the Federal

Communications Commission ("FCC") to defend the constitutionality and application of the

Telephone Consumer Protection Act of 1991 ("TCPA"), codified at 47 U.S.C. § 227.  The

United States seeks intervention in a timely manner and has an unconditional statutory right to

intervene.  Thus, intervention by the United States in this case is appropriate in accordance with

Rule 24(a)(1) of the Federal Rules of Civil Procedure.

**ARGUMENT**

**I.    The United States is Entitled to Intervene as of Right Under Fed. R. Civ. P. 24(a)(1)**

Fed. R. Civ. P. 24(a)(1) governs statutory intervention of right.[1]  There are two

requirements to satisfy under Rule 24(a)(1): "[f]irst, the motion to intervene must be timely[;

---

[1] Rule 24(a)(1) provides:
(a) Intervention of Right. On timely motion, the court must permit anyone
to intervene who:
(1) is given an unconditional right to intervene by a federal statute[.]

s]econd, a federal statute must confer an unconditional right to intervene." U.S. E.E.O.C. v. Taylor Elec. Co., 155 F.R.D. 180, 182 (N.D. Ill. 1994).

The United States satisfies both conditions for statutory intervention under Rule 24(a)(1) in this case. First, this motion to intervene is timely. On January 9, 2008, one week after filing his motion to dismiss, Defendant filed a notice of constitutional challenge and served that notice on the Attorney General of the United States, as required by Fed. R. Civ. P. 5.1. On January 31, 2008, the United States filed a notice of potential participation requesting time in which to determine whether or not it would seek to intervene in this case. As soon as the Solicitor General determined that the United States would seek to intervene, see 28 C.F.R. § 0.21 (providing that the Solicitor General has the ability to authorize the United States' intervention in cases challenging the constitutionality of a federal statute), the United States filed an additional notice, on February 25, 2008. In accordance with the Court's minute order entered February 26, 2008, the United States submits the instant motion today.

The United States' motion to intervene is timely. In determining whether a motion to intervene is timely filed, "the court must consider the age of the lawsuit and the potential delay and prejudicial effect intervention may cause to the adjudication of the rights of the original parties. Taylor Elec. Co., 155 F.R.D. at 182 (internal quotations omitted). In the instant suit, Defendant has only recently filed a motion to dismiss in response to the complaint, no additional motions have been filed by the original parties. Further, in accordance with the Court's minute order of February 5, 2008, briefing on Defendant's motion to miss has been stayed. Discovery has yet to begin in this action. Thus, there is no reason to believe that the parties will be prejudiced by the United States' intervention here. The United States, however, will be

prejudiced if denied intervention, because it will not be able to defend the constitutionality and applicability of one of its own laws.

In addition to its timely application, the United States also satisfies the second prong of Rule 24(a)(1). Several federal statutes provide the United States with an unconditional right to intervene. First, in cases in which the constitutionality of a federal statute is challenged, section 2403(a) of Title 28 of the United States Code provides for the intervention of the federal government. Specifically, that statute provides:

> In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

28 U.S.C. § 2403(a) (emphasis added). Here, the United States was not a party to the original proceeding and the Defendant has "drawn in question" the constitutionality of an act of Congress, namely the TCPA. Thus, the United States enjoys an unconditional right to intervene in this action pursuant to section 2403(a). See Bruggeman v. Ryan, 318 F.3d 716, 717 (7th Cir. 2003).

Sections 517 and 518(b) of Title 28 also provide the United States the unconditional right to intervene where its interests are at stake, as they are here. See generally Brawer v. Horowitz, 535 F.2d 830, 834-36 (3d Cir. 1976). Section 517 provides for intervention where the interests of the United States are implicated:

> The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.

28 U.S.C. § 517.  Similarly, section 518(b) provides:

> When the Attorney General considers it in the interests of the United States, he
> may personally conduct and argue any case in a court of the United States in
> which the United States is interested, or he may direct the Solicitor General or any
> officer of the Department of Justice to do so.

28 U.S.C. § 518(b).  Because the United States has an interest in ensuring both the

constitutionality and appropriate application of federal statutes, sections 517 and 518(b) enable

Department of Justice officials or their designees to participate in this case, in which the

constitutionality and application of the TCPA are at issue.

## CONCLUSION

For the above reasons, this Court should permit the United States to intervene in this case

as a matter of right under Fed. R. Civ. P. 24(a)(1).

Dated: DATE                              Respectfully submitted,


                                         JEFFREY S. BUCHOLTZ
                                         Assistant Attorney General

                                         PATRICK J. FITZGERALD
                                         United States Attorney

                                         THEODORE C. HIRT
                                         Assistant Branch Director

                                         /s/ Stephen J. Buckingham
                                         STEPHEN J. BUCKINGHAM
                                         Trial Attorney
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         20 Massachusetts Ave., NW Room 7119
                                         Washington, DC  20530

Stephen.Buckingham@usdoj.gov
(202) 514-3330


Local Counsel:                          LINDA A. WAWZENKSI
                                        Assistant United States Attorney
                                        219 South Dearborn Street
                                        Chicago, Illinois 60604
                                        (312) 353-1994

                                        *Attorneys for the United States of America*