IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

| | |
|---|---|
| MARK CHAIR COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 02 LK 247 |
| | ) |
| MORTGAGE MANAGERS, INC. | ) |
| | ) |
| Defendants. | ) |

Clerk of the Circuit Court
Kane County, IL.

DEC 2 0 2002

FILED      041
ENTERED

## ORDER

THIS CAUSE coming on for the Court's ruling on the Defendant's 2-619 and 2-615 Motion to Dismiss, the Court having considered said motion as well as the Response, Reply and Surreply filed in conjunction therewith, along with the Brief of the Intervenor, United States of America, the arguments of counsel and applicable case law, and now being fully advised in the premises,

MAKES THE FOLLOWING FINDINGS OF FACT/CONCLUSIONS OF LAW:

A. The *Telephone Consumer Protection Act* (TPCA) is a federal statute prohibiting the transmission of commercial advertising by fax to parties who have not previously consented to the receipt of same.

B. The standard applicable for the determination of the constitutionality of a restriction on commercial speech as protected by the First Amendment is set forth in *Central Hudson Gas & Electric Corporation v. Public Service Commission of New York*, 447 U.S. 557(1980).

1

C.  In applying the *Central Hudson* test to the facts of the case at bar, the Court determines as follows:

1. That the commercial speech in question concerns lawful activity and is not misleading.

2. That the government interest in obviating the cost shifting of unsolicited fax advertising from the sender to the recipient thereof and preemption of the recipient's use of its fax machine is substantial for the protection of fax machine owners against the expense of unwanted advertising as well as the attendant interruption of fax capabilities during such transmissions.

3. That unsolicited fax advertising requires those undesirous of it to become unwilling participants in the sender's advertising processes.

4. That alternative means are available at the sender's expense to publish its intended commercial message.

5. That the principal thrust of the TCPA is as a restriction of the mode of transmission rather than of commercial speech itself.

6. That a single fax transmission in violation of the TCPA is not *de minimus* in nature when viewed in the context of a larger advertising program and the potential proliferation of unsolicited fax advertising generally.

7. That the TCPA directly advances the government interest of reducing the aforementioned cost shifting effects and disruption of fax services.

8. That the regulation set forth in the TCPA is not more extensive than is necessary to further the government interest asserted and that lesser

       restrictive means would likely diminish its regulatory effectiveness and, further, burden the recipient rather than the sender of fax advertising.

9. For the foregoing reasons, the Court finds that the TCPA is not violative of the Constitution.

D. That Illinois courts, as courts of general jurisdiction, possess the authority to hear all justiciable claims under state law or by authority conferred by federal law and, as such, require no separate and distinct legislation as contemplated by the drafters of the TCPA, as may be required in states with courts of limited jurisdiction, to avail litigants with the right to private actions provided therein.

E. That Count II of plaintiff's complaint states a cause of action sounding in conversion.

F. That Count III of plaintiff's complaint states a statutory cause of action under the provisions of the *Illinois Consumer Fraud Act*.

IT IS, THEREFORE, HEREBY ORDERED:

1. Defendant's 2-619 and 2-615 Motion to Dismiss is denied.

2. Defendant is allowed 21 days to file its Answer to the Complaint herein.

ENTER: December 20, 2002

                                                                                         *[signature]*
                                                                                                  JUDGE