Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 321081 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Delise v. Federal Exp. Corp.
N.D.Ill.,2001.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Michael DELISE, Plaintiff,
v.
FEDERAL EXPRESS CORPORATION Defendant.
**No. 99 C 4526.**

March 30, 2001.

MEMORANDUM OPINION AND ORDER

LEFKOW, District J.
**\*1** On December 15, 1999, plaintiff Michael Delise's ("Delise") filed a two-count First Amended Complaint against Defendant, Federal Express Corporation ("Federal Express") for violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq.* (Count I), and for violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 *et. seq.* ("ADA") (Count II). The ADA claim included class allegations. Defendant answered paragraphs 1-92 of the First Amended Complaint and moved to dismiss the class allegations of the ADA claim, paragraphs 93-102, or alternatively to enter an order of summary judgment in defendant's favor. Plaintiff filed a response and filed a Second Amendment Complaint adding more detail to the class allegations. Because defendant addressed the Second Amended Complaint in its reply, the court construes defendant's motion as applying to plaintiff's Second Amendment Complaint.

The standards for a motion to dismiss and for summary judgment are well known and need not be repeated here. Suffice it to say the court finds that at this early stage plaintiff's Second Amended Complaint sufficiently states a class action claim for violations of the ADA and defendant is not entitled to summary judgment.

Defendant argues that the ADA claim cannot be maintained as a class action and thus should be dismissed as a matter of law. Defendant argues that courts have refused to certify, and even struck, ADA class actions because of the administrative burden imposed on the court by the nature of the ADA claim, which requires a determination of whether an individual is "disabled" or "otherwise qualified," and because such individualized determinations would destroy the commonality and the manageability of the class. *See, e.g., Davoll v. Webb,* 160 F.R.D. 142, 146 (D.Colo.1995) (denied certification to proposed class of "[f]ormer, present and future members ... who have or will have disabilities; who have been or will be denied reasonable accommodation of their disabilities ..." because determination of "disability" required individualized inquiry); *Lintemuth v. Saturn Corp.,* 1994 WL 760811, \*4 (M.D.Tenn. Aug. 29, 1994); *see also Chandler v. City of Dallas,* 2 F.3d 1385, 1396 (5th Cir.1993) (class certification inappropriate where plaintiffs challenged medical standards pertaining to specific physical impairments); *Mantolete v. Bolger,* 767 F.2d 1416, 1425 (9th Cir.1985) (not abuse of discretion to strike class allegations where plaintiff sought to prohibit unlawful discrimination on behalf of all epileptics in Arizona); *Rodriguez v. United States Dep't of Treasury,* 131 F.R.D. 1, 7-8 (D.D.C.1990). Defendant further argues that even after it propounded interrogatories to plaintiff, plaintiff's proposed class was too indefinite to identify the class members.

Plaintiff argues that ADA class actions are not prohibited as a matter of law and indeed have been certified where plaintiff alleges a discriminatory policy that is challenged as a per se violation of the ADA or as commonly applied to the members of the class. *See, e .g., Hendricks-Robinson v. Excel Corp.,* 164 F.R.D. 667, 671 (C.D.Ill.1996) (on reconsideration approved class challenging medical layoff policy after concluding that plaintiffs would not attempt to support their allegations by focusing on respective injuries and defenses applicable to each and that defendant would only be required to defend its policy as it applies to employees as a whole); *Guckenberger v. Boston Univ.,* 957 F.Supp. 306, 326 (D.Mass.1997) (approved certification where plaintiffs were not challenging defendant's failure to accommodate particular students, or seeking to secure specific accommodation for any particular type of disability, but rather were challenging blanket accommodations policy as itself discriminatory).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                     Page 2
Not Reported in F.Supp.2d, 2001 WL 321081 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

Plaintiff also points out that its ability to adequately identify the class has been hampered by defendant's refusal to answer discovery requests pertaining to the class allegations.

**\*2** The court is not prepared at this juncture (before any discovery on the class allegations or a motion to certify) to dismiss plaintiff's class allegations. The only standard the defendant has provided for a plaintiff to survive the type of motion it makes here is that a plaintiff must advance a prima facie showing that the class action requirements of Federal Rule of Civil Procedure 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. *See Mantolete,* 767 F.2d at 1424. The court is satisfied that plaintiff has met this burden. Under Rule 23, a class may be maintained if plaintiff can demonstrate that his action satisfies the four threshold requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation, *Keele v. Wexler,* 149 F.3d 589, 592 (7th Cir.1998), and that the action qualifies "under one of the three subsections of Rule 23(b)."*Hardin v. Harshbarger,* 814 F.Supp. 703, 706 (N.D.Ill.1993). A court has " 'broad discretion' to determine whether certification of a class-action lawsuit is appropriate."*Keele,* 149 F.3d at 592. In addition to asserting the general elements of a class action, plaintiff brings the action to challenge alleged discriminatory policies. The action is brought on behalf of "all persons who are otherwise qualified individuals with a disability within the meaning ... of the ADA and who are employed or have been employed by Federal Express *who have been and continue to be, or might be adversely affected by the practices complained of herein which violate the ADA....* " Sec. Am. Compl. ¶ 94 (emphasis added). Plaintiff lists several practices (not stated verbatim here) that allegedly violate the ADA. These practices, for example, concern leave of absence, return to work, job bidding and transferring and medical record maintenance. *See id.* ¶¶ 90-91.Plaintiff also mentions a "full-duty" or 100% healed policy. Pl.'s Resp. at 4 n. 3. Indeed, plaintiff has pointed to language in defendant's Medical Leave of Absence policy that plaintiff argues constitutes a "full-duty" policy.[FN1]*See* Pl.'s Supplemental Br. at 1. Plaintiff has also asserted that the discovery it propounded (which has not been answered) sought to identify how certain policies such as the "full-duty" policy were applied to employees of defendant. *See* Denis Aff. ¶ 2.

> FN1. Defendant disputes that it has a "full duty" or 100% healed policy and argues that even if had such a policy it is not a per se violation of the ADA. *See* Def's Reply at 5 n. 1 and Def.'s Supplemental Br. at 3-4. However, such arguments are for another day. *See Hendricks-Robinson,* 164 F.R.D. at 670 (rejecting similar argument and reasoning that such argument concerns the substance of allegations, that is, whether the "policy on its face and/or in its common application violated the ADA, not whether this action could be *initiated* as a class action").

In short, the court concludes that defendant's motion is premature. Not only have courts generally permitted some discovery,[FN2] but if a court decides to certify a class on a motion to certify, it has discretion to tailor the scope of the class and the issues. *See, e.g., Guckenberger,* 957 F.Supp. at 327 (limiting membership in class to those that would further goal of obtaining declaratory or injunctive relief); *Wilson v. Pennsylvania State Police Dep't,* 1995 WL 422750, \*4 (E.D.Pa. July 17, 1995) (limiting class action to issue of liability and injunctive relief because damages to individuals would vary and if damages phase be reached would allow members to proceed individually); *see also Hendricks-Robinson,* 164 F.R.D. at 672 ("[A]s the action progresses, if it becomes clear that Plaintiffs are actually trying their individual cases and not the policy itself, the Court will not hesitate to decertify the class and dismiss the case.").

> FN2. Even in cases cited by defendant, the plaintiff was permitted some discovery as to the class allegations. *See Mantolete,* 767 F .2d at 1420 (on defendant's motion court limited discovery to a statewide class and then subsequently denied motion to expand discovery and granted motion to strike class allegations); *Rodriguez,* 131 F.R.D. at 2 (on reconsideration of denial of certification court permitted discovery).

**\*3** Therefore, the court denies defendant's motion to dismiss plaintiff's class allegations [# 22-1] or in the alternative for summary judgment [# 22-2].

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                      Page 3
Not Reported in F.Supp.2d, 2001 WL 321081 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

N.D.Ill.,2001.
Delise v. Federal Exp. Corp.
Not Reported in F.Supp.2d, 2001 WL 321081 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.