## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons, | ) ) ) | |
| Plaintiff, | ) | No.  07 CV 7279 |
| | ) | |
| v. | ) | Judge Manning |
| | ) | Magistrate Judge Cole |
| MICHAEL P. CAPLICE, d/b/a M. P. CAPLICE & ASSOCIATES, | ) ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, MICHAEL P. CAPLICE, by and through his attorneys,

CLAUSEN MILLER P.C., and for his Answer to the Class Action Complaint, states as follows:

### PRELIMINARY STATEMENT

1.    This case challenges Defendant's practice of faxing unsolicited advertisements.

**ANSWER:**    Defendant admits that Plaintiff brings this action, and avers that the remaining allegations of Paragraph 1 are conclusions of law to which an answer is neither necessary nor appropriate, and Defendant moves to strike same.  The allegations contained in Paragraph 1 do not allege facts against Defendant and is in the nature of argument.  To the extent that an answer to Paragraph 1 is required, Defendant denies that it has a practice of faxing unsolicited advertisements.

2.    The Federal Telephone Consumer Protection Act 47 U.S.C. § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes").  The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

**ANSWER:**    Defendant avers that the allegations of Paragraph 2 are paraphrases of certain portions of a federal statute and legal conclusions to which answer is not required, and refers to the statute for its full and actual content.

1186307.1

3.      Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

**ANSWER:**    Defendant avers that the allegations in Paragraph 3 are legal conclusions to which no response is required.  To the extent that an answer to Paragraph 3 is required, it is stated that Defendant has no knowledge of the allegations contained in Paragraph 3 and demands strict proof thereof.

4.      On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

**ANSWER:**    Defendant admits that Plaintiff's Complaint originally purports to assert individual claims against Defendant under the TCPA, the common law of conversion, and the Illinois Consumer Fraud and Deceptive Business Practices Act, and that Plaintiff purports to maintain this case as class action, but avers that Plaintiff has voluntarily dismissed the conversation and consumer protection claims, leaving only the TCPA claim.  Defendant denies that it has violated any of the laws contained in Paragraph 4, and denies that this case is property maintained as a class action.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

**ANSWER:**    Defendant admits that Plaintiff's Complaint seeks an award of statutory damages for each violation of the TCPA.  Defendant denies that it violated the TCPA and denies that Plaintiff is entitled to an award of statutory damages.

## JURISDICTION AND VENUE

6.      Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

2

**ANSWER:** Defendant avers that the allegations of Paragraph 6 are legal conclusions to which an answer is neither necessary nor appropriate. To the extent that an answer to Paragraph 6 is required, Defendant admits that it has transacted business, but denies the remaining allegations of Paragraph 6.

7.    Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

**ANSWER:** Defendant avers that the allegations of Paragraph 7 are legal conclusions to which an answer is neither necessary nor appropriate. To the extent that an answer to Paragraph 7 is required, Defendant denies that it committed any tortious acts in Cook County, Illinois or anywhere else.

8.    Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claim are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

**ANSWER:** Defendant avers that the allegations of Paragraph 8 are legal conclusions to which an answer is neither necessary nor appropriate. To the extent that an answer to Paragraph 8 is required, Defendant denies that federal jurisdiction does not exist, and avers that federal jurisdiction over this action does exist for the reasons stated in Defendant's Notice of Removal filed on December 28, 2007.

## PARTIES

9.    Plaintiff, IRA HOLTZMAN, is resident of Cook County, Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10.    On information and belief, Defendant, MICHAEL P. CAPLICE, is an Illinois resident.

**ANSWER:** The allegations in Paragraph 10 are admitted.

## FACTS

11.    On or about November 13, 2007, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

3

**ANSWER:**     Defendant admits that on or about November 13, 2007, one of its employees caused a copy of Exhibit A to be transmitted by a facsimile machine to Plaintiff.  Defendant denies the remaining allegations in Paragraph 11.

12.     Plaintiff had not invited or given permission to Defendant to send fax advertisements.

**ANSWER:**     Defendant denies the allegations in Paragraph 12.

13.     On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

**ANSWER:**     Defendant denies the allegations in Paragraph 13.

14.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**ANSWER:**     Defendant denies the allegations in Paragraph 14.

## COUNT 1
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:**     Defendant incorporates his answers to Paragraphs 1 through 14 inclusive as his answer to Paragraph 15.

16.     In accordance with 735 ILCS 5/2-801.  Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act. 47 U.S.C. § 227, on behalf of the following class of persons:

All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or

4

invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

**ANSWER:**    Defendant admits that Count I purports to be brought pursuant to the Telephone Consumer Protection Act on behalf of the class of persons alleged, but denies that this lawsuit is properly maintained as a class action and denies that this is a valid class definition.

17.    A class action is warranted because:

    (a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

    (b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

        (i)    Whether Defendants sent unsolicited fax advertisements:

        (ii)    Whether Defendant's facsimiles advertised the commercial availability of property, goods or services;

        (iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited ax advertisements;

        (iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

        (v)    Whether Defendant violated the provisions of 47 U.S.C. § 227;

        (vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

        (vii)    Whether Defendant should be enjoined from faxing advertisements in the future; and

        (viii)    Whether the Court should award trebled damages.

**ANSWER:**    Defendant denies the allegations of Paragraph 17, and avers that this case does not satisfy the requirements for proceeding as a class action.

18.    Plaintiff will fairly and adequately protect the interest of the other class members.

Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited

1186307.1

advertising faxes. Neither Plaintiff nor plaintiff's counsel has any interests adverse or in conflict with the absent class members.

     **ANSWER:**   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

     **ANSWER:**   Defendant denies the allegations in Paragraph 19.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

     **ANSWER:**   Defendant admits that the quoted words appear in the TCPA, and refers to statute for its full content and meaning.

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

     **ANSWER:**   Defendant admits that the quoted words appear in the TCPA, and refers to statute for its full content and meaning.

22.    The TCPA provides:

     3.    <u>Private right of action.</u> A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

        (A)   An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

        (B)   An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

**ANSWER:**     Defendant admits that the quoted words appear in the TCPA, and refers to statute for its full content and meaning.

23.     The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

**ANSWER:**     Defendant avers that the allegations of Paragraph 23 consist exclusively of paraphrases of a statute and legal conclusions, and refers to the statute for its full content and meaning.  To the extent that an answer to those allegations is required, Defendant denies them.

24.     Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

**ANSWER:**     Defendant denies the allegations in Paragraph 24.

25.     The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

**ANSWER:**     Defendant avers that the allegations of Paragraph 25 consist exclusively of legal conclusions to which an answer is neither necessary nor appropriate.  To the extent that an answer to the allegations in Paragraph 25 is required, Defendant denies the allegations in Paragraph 25.

26.     Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services.

**ANSWER:**     Defendant denies the allegations in Paragraph 26.

27.     Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes.  Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and his employees wasted their time receiving,

7

reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

  **ANSWER:** Defendant denies the allegations in Paragraph 27.

  28. Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

  **ANSWER:** Defendant avers that the allegations of Paragraph 28 consist exclusively of legal conclusions to which an answer is neither necessary nor appropriate. To the extent that an answer to Paragraph 28 is required, Defendant denies the allegations in Paragraph 28.

## ADDITIONAL DEFENSES TO COUNT I

### FIRST ADDITIONAL DEFENSE

  The Complaint fails to state any claim against Defendant upon which relief can be granted. Without limiting the foregoing, Defendant specifically alleges that Count I fails to allege or establish that any of the faxes at issue were unsolicited advertisements within the ambit of Section 227 of the Communications Act of 1934.

### SECOND ADDITIONAL DEFENSE

  Plaintiff's claim is barred under the Due Process Clause of the Fifth Amendment to the United Stated Constitution because the $500 per fax statutory damages provided by the TCPA are excessive and radically disproportionate to the *de minimis* actual damages, if any, sustained by Plaintiff and/or the purported class as a result of their receipt of an allegedly unsolicited fax advertisement.

## THIRD ADDITIONAL DEFENSE

Plaintiff's claim is barred under the First Amendment to the United States Constitution because the TCPA in an impressible restraint on commercial speech in that it does not serve a significant government interest, does not directly advance any government asserted, and restricts commercial speech that is neither misleading nor in service of unlawful activity more than necessary.

## FOURTH ADDITIONAL DEFENSE

Plaintiff's claim is barred under the Equal Protection Clause of the United States Constitution because the TCPA prohibits facsimiles of unsolicited material advertising property, goods or services while permitting unsolicited facsimile advertising of different material that imposes the same burden on recipients.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's claim for statutory damages is barred because it would impose excessive fines, particularly in a class action, disproportionate to any harm actually suffered, in violation of the Eighth Amendment to the United States Constitution.

## SIXTH ADDITIONAL DEFENSE

Plaintiff may not maintain this case as a class action because Congress intended that the TCPA claims proceed solely as an individual action.

## SEVENTH ADDITIONAL DEFENSE

In the event that this Court certifies a class of plaintiffs and also concludes that the question of whether a facsimile was "unsolicited" is a defense rather than an element of Plaintiff's claim, the TCPA bars the claim of Plaintiff or any putative class member who consented to receive an advertisement by facsimile from Defendant by virtue of an established

9

business relationship, or who otherwise gave permission or contented to the transmission of material by facsimile to them.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff may not maintain a TCPA claim based on any fax received by a recipient electronically and not through a telephone facsimile machine.

## NINTH ADDITIONAL DEFENSE

With respect to Plaintiff's claim for damages, Defendant incorporates all limitations on damage awards arising from the decision in *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Auto Ins. Co. v. Campbell*, 537 U.S. 1042 (2003).

## TENTH ADDITIONAL DEFENSE

Defendant reserves the right to amend this answer to set forth any and all other defenses as may be supported by evidence adduced during the investigation and discovery for his matter.

## COUNT II

On January 10, 2008, Plaintiff filed a Notice of Voluntary Dismissal of Count II, rendering an answer to that count unnecessary.

## COUNT III

On January 10, 2008, Plaintiff filed a Notice of Voluntary Dismissal of Count III, rendering an answer to that count unnecessary.

1186307.1

WHEREFORE, Defendant, MICHAEL P. CAPLICE d/b/a M.P. CAPLICE &

ASSOCIATES, respectfully request that this Court enter judgment dismissing this action with

prejudice, awarding Defendant its costs, and providing any additional relief that this Court deems

just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant requests a trial

by jury.

Respectfully submitted,


MICHAEL P. CAPLICE, d/b/a M. P.
CAPLICE & ASSOCIATES

By:    /s/ Maria Z. Vathis
One of Defendant's Attorneys


Robert L. Reifenberg
Maria Z. Vathis
CLAUSEN MILLER P.C.
10 S. LaSalle Street
Chicago, IL  60603
(312) 855-1010
Attorneys for Defendant MICHAEL P. CAPLICE,
d/b/a M. P. CAPLICE & ASSOCIATES

1186307.1

## CERTIFICATE OF SERVICE

On **June 2, 2008**, I electronically filed the foregoing with the Clerk of the Court using the

ECF system, which will send notification of such filing to all counsel of record.

<div style="margin-left:40%">

By:   /s/ Maria Z. Vathis
       Maria Z. Vathis
       Clausen Miller P.C.
       10 S. LaSalle Street
       Chicago, IL 60603-1098
       Telephone:  312/855-1010
       Facsimile:  312/606-7777
       mvathis@clausen.com

</div>

12