**FILED**
**AUGUST 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRA HOLTZMAN, C.P.A., & ASSOCIATES LIMITED, individually and as the representative of a class of similarly-situated persons,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL P. CAPLICE d/b/a M. P. CAPLICE & ASSOCIATES,<br><br>　　　　　　　　　　Defendant. | No.  07  CV  7279<br><br>Judge Manning |

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, IRA HOLTZMAN, C.P.A., & ASSOCIATES LIMITED ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, MICHAEL P. CAPLICE d/b/a M. P. CAPLICE & ASSOCIATES.

### PRELIMINARY STATEMENT

1.　　　This case challenges Defendant's practice of faxing unsolicited advertisements.

2.　　　The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.　　　Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time

that would have been spent on something else.  A junk fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.   On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA.

5.   Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.   Plaintiff contends that there is no federal question jurisdiction.  If there is federal jurisdiction, then this District is the appropriate forum for this litigation.  Plaintiff's individual claims are worth less that $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all damages and fees.

## PARTIES

7.   Plaintiff is an Illinois corporation.

8.   On information and belief, Defendant, MICHAEL P. CAPLICE, is an Illinois resident who operates an insurance company or acts as an insurance broker under the name M. P. CAPLICE & ASSOCIATES.

## FACTS

9.   On or about November 13, 2007, Defendant faxed an advertisement to Plaintiff.  A copy of the facsimile is attached hereto as Exhibit A.

10. Plaintiff had not invited or given permission to Defendant to send fax advertisements.

11. On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

12. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

13. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

14. In accordance with FRCP 23, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

15. A class action is warranted because:

(a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i) Whether Defendant sent unsolicited fax advertisements;

3

   (ii) Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

   (iii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

   (iv) Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

   (v) Whether Defendant violated the provisions of 47 USC § 227;

   (vi) Whether Plaintiff and the other class members are entitled to statutory damages;

   (vii) Whether Defendant should be enjoined from faxing advertisements in the future; and

   (viii) Whether the Court should award trebled damages.

16. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

17. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

18.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

19.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

20.     The TCPA provides:

> 3.     <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C)     Both such actions.

21.     The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

22.     Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

23.     The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

24.     Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services.

25.     Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

26.     Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, IRA HOLTZMAN, C.P.A., & ASSOCIATES LIMITED, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, MICHAEL P. CAPLICE d/b/a M. P. CAPLICE & ASSOCIATES, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award $500.00 in damages for each violation of the TCPA;


      C.      That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

      D.      That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

                            Respectfully submitted,

                            IRA HOLTZMAN, C.P.A., & ASSOCIATES LIMITED, individually and as the representative of a class of similarly-situated persons

      By:    s/Brian J. Wanca
                One of Plaintiff's Attorneys

Brian J. Wanca  
ANDERSON + WANCA  
3701 Algonquin Road, Suite 760  
Rolling Meadows, IL  60008  
Telephone:  847/368-1500  

Phillip A. Bock  
BOCK & HATCH, LLC  
134 N. LaSalle Street, Suite 1000  
Chicago, IL  60602  
Telephone:  312/658-5500

**EXHIBIT A**

**M.P. CAPLICE & ASSOCIATES**

15 Spinning Wheel Road
Suite 320
Hinsdale, IL 60521

# confidential fax

| | |
|---|---|
| To: | Ira Holtzman |
| Fax Number: | +1 (847) 4984873 |
| | |
| From: | Tracy Gardner |
| Fax Number: | 630-920-0163 |
| Business Phone: | 800-860-4534 |
| Home Phone: | |
| | |
| Pages: | 3 |
| Date/Time: | 11/13/2007 10:23:43 AM |
| Subject: | Professional Liability Insurance |

# M.P. Caplice & Associates

November 13, 2007

Mr. Ira Holtzman
Ira Holtzman CPA & Associates Ltd.
1307 Shermer Road
Northbrook, IL 60062

Dear Ira:

I am writing to you in regards to your firm's professional liability insurance. M.P. Caplice & Associates specializes in providing Accounting firms with professional liability protection. For more than fifteen years I have worked with and provided coverage for hundreds of Accounting firms similar in size to your firm. Specialization in the area of professional liability insurance provides M.P. Caplice & Associates with a greater understanding of both the practice of accountants as well as the marketplace for accountants' professional liability insurance.

As a leading producer in the accountants' professional liability insurance industry, M.P. Caplice & Associates has a distinct advantage over other brokers when negotiating policy wording and policy premiums. Rest assured that M.P. Caplice & Associates utilizes only those insurance carriers that have received at least a rating of A (Excellent) from A.M. Best Company. This rating represents not only the insurance company's financial strength, but also the insurance carrier's ability to meet its obligations to policyholders. Due to the rapidly changing professional liability marketplace, it is also imperative to purchase a professional liability policy from an insurance carrier which has expertise in handling suits against accounting firms. The carriers that M.P. Caplice & Associates represent provide your firm with this expertise.

In order to provide your firm with a competitive premium quotation as quickly and efficiently as possible, simply forward a copy of your incumbent carrier's renewal application or complete the attached quick quote questionnaire. Please fax or e-mail your information to my attention. My fax number is 630-920-0163 and my e-mail address is mike@mpcaplice.com.

If you have any questions or concerns, please do not hesitate to contact my office toll free at 1-800-860-4534.

Respectfully Yours,


Michael P. Caplice
President

15 Spinning Wheel Road * Suite 320 * Hinsdale, IL 60521 * 630-920-0160 * FAX 630-920-0163

# M.P. Caplice & Associates

Accountants Professional Liability Premium Indicator
Once Completed Please Email to Mike@MPCaplice.Com or Fax back to 630-920-0163

Firm Name _____ Year Established _____
Street Address _____
City _____ County _____ State _____ Zip Code _____
Contact Person _____ Phone: _____ Fax: _____

Areas of Practice: Please provide % Of time devoted during the previous year in each area of practice (MUST TOTAL 100%)
Please put an "X" when engagement letters are used

| % | X | | % | X | | % | X | |
|---|---|---|---|---|---|---|---|---|
| | | Audit-For Profits(Public) | | | Corporate Tax | | | SEC |
| | | Audit-For Profits(Private) | | | Data Processing | | | Other |
| | | Audits-Non-Profits | | | Individual Tax | | | |
| | | Bookkeeping | | | MAS | | | |
| | | Compilations | | | Personal Financial Planning | | | |
| | | Corporate Financing Planning | | | Reviews | | | |

| Current Coverage | List of Accountants/Professionals | Year Joined Firm | CPA- Yes/No |
|---|---|---|---|
| Carrier _____ | | | |
| Expiration Date _____ | | | |
| Retroactive Date _____ | | | |
| Limits of Liability _____ | | | |
| Deductible(per claim/aggregate) _____ | | | |
| Premium _____ | | | |

Total # of Employees _____ Total Revenue last year _____ Project Next Year _____
Number of Claims/Suits/Incidents Filed Against Firm in the Past 5 Years? _____ Number Pending? _____
Is the firm aware of any circumstances or acts that may give rise to a claim? _____
Has any Accountant with the firm ever been disciplined or denied the right to practice? _____
# Of Suit for fees in the past 2 years? _____
Check the limit and deductible options below that you are interested in seeing a quote for, you may check more than one box:

Limits of Liability (per claim/annual aggregate)

☐ $100,000/$300,000     ☐ $300,000/$300,000     ☐ $1,000,000/$2,000,000     ☐ $3,000,000/$4,000,000
☐ $250,000/$500,000     ☐ $300,000/$600,000     ☐ $2,000,000/$2,000,000     ☐ $4,000,000/$4,000,000
☐ $250,000/$750,000     ☐ $500,000/$1,000,000   ☐ $3,000,000/$3,000,000     ☐ $5,000,000/$5,000,000

Deductible
☐ $1,000     ☐ $2,500     ☐ $5,000     ☐ $10,000     ☐ Other (Specify)

Please Attach a Copy of Firm Letterhead and a Copy of Policy Declarations Page (if available)
NOTE: This Form is for Estimate purposes Only.

Accountant Signature: _____     Date: _____